*163 OPINION of the Court, by
Judge Lorian.-
This is a contest for land, under conflicting titles. Hardin was the complainant below, and claims under the follow.ing entry :
*164 « June 21st, 1780 — Mark Hardin withdraws his entry of 1500 acres, on the waters of Green river, opposite t& the head of Hardin’s creek, and locates 1000 acres thereof on the waters of Green river, beginning half a mile above a large clay lick, to run up the creek on both sides to an improvement made by Asturgus and ]\faSon, where there is a tree marked No. 7, and to run ' 0fF from each side of the creelt, leaving the same neat* the middle of the land, for quantity : the same creek heading opposite to the Cloyer Lick run, a branch of the Ohio.”
An entry, like every other instrument of writing, should be construed together, and the inquirer deduce from the whole entry the fair meaning of the locator as to some certain spot. In this case the calls in the entry for a large clay lick, the creek, and waters of Green river* would certainly be as vague as the extent of country watered by Green river : for licks and creeks might justly be supposed in any part of that extent of country. But when with these calls is combined that which describes the creek meant, hv referring to another water course, called in the entry Clover Lick run, a water of the Ohio, it is conceived the mind would instantly have been directed to that section of the country bordering towards the confluence of the rivers Green river and Ohio j and the necessary inquiries made of those mostly conversant in that. part of the country. But here arises the necessity of this stream being generally known among that portion of people by the name gi,ven in the entry, as it is riot otherwise distinguished from other waters of the Ohio in that quarter of the country. Though we cannot conceive that the call for Clover Lick run, thus represented to he situated between the Ohio and Green rivers, as being a water of Ohio, and heading opposite a creek of Green river, could have honestly deceived, if it had been generally known by the name of Clover Lick creek., from the Clover Lick on it, if there is but the one stream in that quarter known by either of those names, and that known too to have derived its name from the Clover Lick.
But we deem it unimportant to inquire whether the call for the Clover Lick run is sufficient from the proof in relation to its acquired notoriety at the-time the complainant’s entry was made 5 because we are of opinion *165 that the entry cannot even then be supported. The improvement called for was not sufficiently known of itself to have supported an entry from the evidence in the cause. There are many licks shewn on those water courses. The creek is not aptly described ; for there is another, to wit, Daniel’s creek, if not others, as represented on the plat, which seem as well to fit the description given. And had this, with the lick now claimed as the lick intended, and the improvement laid down, been all correctly related to a subsequent locator, it is believed he could not have fairly supposed that this was the place the entry had called for ; because of the contiguity between the lick and this improvement : besides other improvements appear to have been made on those wafers, and there are licks in different places on them. The entry calls to begin half a mile above the lick, and to run up the creek to the improvement. But the lick and improvement shewn are only 172 poles apart: hence the conclusion must have been,, upon an inquiry for the place, that this was not the place intended.
The decree of the circuit court must therefore be affirmed with costs.